UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANE ALEXIS WILEY, by and through trustee. | CIVIL ACTION |
| VERSUS | NO: 2:24-2716 |
| CADILLAC OF LAS VEGAS, et al. | SECTION: T (4) |

## ORDER AND REASONS

Before the Court are Plaintiff's, Shane Alexis Wiley, Motion for a Preliminary Injunction and Defendants', Cadillac of Las Vegas, Ted Trevino, and Alix Ventre, Motion to Dismiss, R. Docs. 3, 14. For the following reasons, Defendants' motion to dismiss is **GRANTED**, Plaintiff's motion for a preliminary injunction is **DENIED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

This is a *pro se* action about an alleged car sale predicated on fake currency. Plaintiff alleges that she agreed to purchase a $131,671.56 2024 Cadillac Escalade ("the Car") from Defendants, a car dealership and salesmen, over text. R. Doc. 1. Instead of paying with cash, an auto loan, or other standard payment, Plaintiff claims she presented a document titled an "International Bill of Exchange ("IBOE")." R. Doc. 1 at p. 1-2. Plaintiff alleges this IBOE is lawful currency, and by sending Defendants the document they accepted this type of payment. *Id*.; *see also* R. Doc. 1-1 at p. 2. However, in direct contradiction, Plaintiff subsequently claims that Defendants explicitly rejected IBOE as a valid form of payment and failed to deliver the Car in

1

violation of their alleged agreement. R. Doc. 1 at p. 1-2. Plaintiff claims these actions constitute a

breach of contract and UCC violations. *Id.* at p. 2. She also filed a preliminary injunction to force

the sale and delivery of the Car. R. Doc. 3.

Defendants move to dismiss the complaint under Rule 12(b)(1), (b)(6), and 28 U.S.C. §

1915(e). They argue Plaintiff's claims are factually unsupported, frivolous, and wholly

insubstantial which allows the Court to dismiss this *in forma pauperis* claim. R. Doc. 14.

Defendants maintain that because the IBOE is fake currency—which they explicitly did not accept

per Plaintiff's admission—they therefore had no duty to sell Plaintiff the Car in exchange for this

meaningless document. R. Doc. 14-1 at pp. 4-6. Defendants also note that courts have routinely

granted motions to dismiss in similar IBOE or Bill of Exchange cases. *Id.* at pp. 4-6. The Court

agrees with Defendants. Here, there is no plausible claim for breach of contract or UCC violations.

## LAW & ANALYSIS

Rule 12(b)(6) allows a defendant to seek dismissal of a complaint based on the "failure to

state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173

L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167

L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* A court "do[es] not accept as true conclusory allegations, unwarranted factual

inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). *Pro*

*se* pleadings are afforded a more liberal construction. *Clark v. Nicholls State Univ.*, No. CV 19-6054, 2020 WL 360511, at *2 (E.D. La. Jan. 22, 2020). Nevertheless, a *pro se* litigant's complaint must satisfy the plausibility standard. *Id.* (citations omitted).

Federal Rule of Civil Procedure 65 governs requests for preliminary injunctions. The law is well settled that issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). An injunction is to be the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). In order for Plaintiff to obtain a preliminary injunction, she must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest. *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981). Irreparable injury is harm that "cannot be undone through monetary damages." *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981); *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 810 fn. 1 (5th Cir. 1989).

Plaintiff's purported entitlement to $131,671.56 or any other relief is wholly based on her attempt to purchase a luxury vehicle via an IBOE. *See* R. Doc. 1 at pp. 1-2; R. Doc. 7. Courts have unanimously found IBOEs and similar forms to be worthless documents of the payor's own creation and have consistently dismissed these claims. *Hesed-El v. Aldridge Pite, LLP*, No. 20-14782, 2021 WL 5504969, at *3 (11th Cir. Nov. 24, 2021) (an "International Bill of Exchange" is

3

"quite plainly ... not real money."); *Charles v. Castro*, No. 5:20CV42-RWS-CMC, 2020 WL 5670110, at \*1 (E.D. Tex. Sep. 24, 2020) (rejecting a plaintiff's attempt to pay a filing fee with an "International Bill of Exchange," noticing that the "purported 'bill of exchange' is a document of his own creation and has no value"); *Santarose v. Aurora Bank FSB*, No. H-10-720, 2020 WL 2232819, at \*2-3 (S.D. Tex. June 2, 2010) (rejecting claims based on a bill of exchange that contained cryptic references to the UCC because it presented "no viable legal authority or any reliable or probative factual support."); *Eddington v. Gulf Coast Exotic Auto, LLC*, No. 1:20-CV-361-LG-RHWR, 2021 WL 5889881, at \*4 (S.D. Miss. Dec. 13, 2021) (dismissing a plaintiff's breach of contract claim to purchase a luxury vehicle via an IBOE because the claim has "no factual or legal basis."). Plaintiff's IBOE is similar to those in the cited opinions. *See* R. Doc. 1-1.[1]

Like in *Eddington* and others, Plaintiff has not presented either a plausible case that Defendants agreed to accept this worthless document as currency for a luxury vehicle purchase or any other facts that suggest Defendants had a legal obligation to sell her the Car. 2021 WL 5889881, at \*3 (dismissing a breach of contract claim when the plaintiff attempted to buy a luxury car through an IBOE); *see also Mould v. Saxon Mortg. Servs., Inc.*, No. C05-292P, 2005 WL 1950268, at \*2 (W.D. Wash. Aug. 12, 2005) (dismissing a plaintiff's attempt to create contractual obligations on a similar "Bill of Exchange" because "[p]laintiffs may not prosecute a lawsuit on grounds which are not recognized by law."); *Hesed-El v. Aldridge Pite, LLP*, No. CV-119-162,

---

[1] Plaintiff's International Bill of Exchange is appended to the Complaint, as are other materials. The Court may thus consider it for this Rule 12(b)(6) Motion to Dismiss. *See, e.g.*, *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

2020 WL 3163645, at *6 (S.D. Ga. June 12, 2020) (holding, under facts involving a similar dubious

IBOE, that "[u]nder no interpretation of Plaintiff's complaint is it plausible that Plaintiff will

establish a breach resulting in damages to him as the party possessing a right to complain about

the breach. Plaintiff's breach of contract claim is dismissed as frivolous."). Plaintiff is not entitled

to a preliminary injunction because she has no colorable claim on the merits. *See, e.g.*, *Monumental*

*Task Comm., Inc. v. Foxx*, 157 F. Supp. 3d 573, 583 (E.D. La. 2016), *aff'd sub nom*. *Monumental*

*Task Comm., Inc. v. Chao*, 678 F. App'x 250 (5th Cir. 2017). As implausible, frivolous, and

insubstantial, the claims must be dismissed with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss, R. Doc. 3, is **GRANTED**.

Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for a temporary restraining order,

R. Doc. 14, is **DENIED**. The Court will enter judgment in favor of Defendants.

New Orleans, Louisiana, this 25th day of April 2025.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

5